**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| In re:<br><br>ULISH BOOKER, JR.,<br><br>*Debtor* | Chapter 7<br><br>Case No. 25-30017 (AMN)<br><br>ECF Nos. 90, 91, 92, 95 |
|---|---|
| ULISH KERRY TERRACE BOOKER, III,<br><br><br>*Debtor* | Chapter 7<br><br>Case No. 25-30293 (AMN)<br><br>AP-ECF Nos. 46, 47, 55 |

<u>**MEMORANDUM OF DECISION AND ORDER**</u>

Ulish Booker, Jr. ("Mr. Booker, Jr."), filed for Chapter 7 bankruptcy on January 10, 2025.  Case No. 25-30017.  Mr. Booker, Jr.'s son and his acting power of attorney in his current bankruptcy case, Ulish Kerry Terrace Booker, III ("Mr. Booker, III"), filed for Chapter 7 bankruptcy on April 1, 2025.

Mr. Booker, Jr and Mr. Booker, III frequently file nearly identical motions on the same day in each of their bankruptcy cases.  In the interest of judicial efficiency, this decision addresses the Motion for Reconsideration of Order Granting Relief from Stay (Case No. 25-30017, ECF No. 95), Motion To Dismiss Or Strike Motion For Relief From Stay (Case No. 25-30017, ECF No. 90), Motion For Proof Of Standing (Case No. 25-30017, ECF No. 91), and Motion For Sanctions Under Fed. R. Bankr. P. 9011 (Case No. 25-30017, ECF No. 92) currently pending in Mr. Booker, Jr.'s case together with the Motion for Reconsideration (Case No. 25-30293, ECF No. 55), Motion to Dismiss or Strike Motion For Relief From Stay (Case No. 25-30293, ECF No. 46), and Motion For Sanctions

1

Under Fed. R. Bankr. P. 9011 (Case No. 25-30293, ECF No. 47) currently pending in Mr. Booker, III's case.

For the reasons further discussed in this decision, all the above-mentioned motions will be denied.

<u>Procedural Background: State Court Cases</u>

In 2017, a foreclosure action commenced in the Connecticut Superior Court against Mr. Booker, Jr. and Linda Booker ("Mrs. Booker") (Mr. Booker, Jr.'s spouse) regarding real property known as 9 Sanford Street West Haven, Connecticut 06516 (the "Property"). *See* Case No. NNH-CV17-6069965-S, Docket No. 163.  The state court entered a final judgment of foreclosure on January 25, 2021.  Case No. NNH-CV17-6069965-S, Docket No. 163.  Thereafter, ownership of the Property vested in U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank").  *See* Case No. 25-30017, ECF No. 89, p. 8-9.  Mr. Booker, Jr. filed a Motion to Reargue/Reconsider the final judgment of foreclosure, which was later denied.  *See* Case No. NNH-CV17-6069965-S, Docket No. 164.  Mr. Booker, Jr., Mr. Booker, III and Mrs. Booker each appealed the denial of their state court motions to reopen and vacate the foreclosure judgment.  *See* Connecticut Appellate Court Case Nos. 45473; 48304; 44593. All three appeals failed.  Mr. Booker, Jr. then petitioned the Connecticut Supreme Court for certification to appeal from the appellate court twice – once in 2021 and 2023 – but both petitions were denied.  *See* Connecticut Supreme Court Case Nos. 210147; 230156.

During various hearings in both bankruptcy cases, Mr. Booker, Jr. and the Mr. Booker, III have indicated they live at the Property, along with other family members including Mrs. Booker.  Mr. Booker, Jr. and the Mr. Booker, III have acknowledged that

2

one or more Certificates of Foreclosure vesting title to the Property in U.S. Bank are recorded on the land records, although they argue there are technical problems with one or more of the recorded documents.  Mr. Booker, Jr. and the Mr. Booker, III also advance legal theories attacking the integrity of the state court's foreclosure process and judgment.

In 2024, U.S. Bank initiated an eviction action in state court but despite the substantial passage of time, was unable to successfully evict Mr. Booker, Jr. and his family from the Property due to Mr. Booker, Jr.'s and his family member's bankruptcy filings.  *See* Case No. NHH-CV24-6022163-S.

<u>Mr. Booker, Jr.'s History in Bankruptcy Court</u>

In January of 2025, U.S. Bank sought relief in Mr. Booker, Jr.'s pending bankruptcy case pursuant to 11 U.S.C. § 362, in-rem relief pursuant to 11 U.S.C. § 362(d)(4), and dismissal of the case with prejudice pursuant to 11 U.S.C. §707(a)(1).  Case No. 25-30017, ECF No. 19.  Mr. Booker, Jr. objected and disputed U.S. Bank's ownership of the property.  Case No. 25-30017, ECF No. 43.  Ultimately, this court granted relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2).  Case No. 25-30017, ECF No. 62.

Subsequently, the Mr. Booker, Jr. filed a Motion for Reconsideration pursuant to Fed.R.Civ.P. 60(b)(3) and Fed.R.Bankr.P. 9024 regarding the court's order granting the relief from automatic stay.  Case No. 25-30017, ECF No. 66.  Mr. Booker, Jr. once again raised the argument that U.S. Bank is not the rightful holder of the note.  Case No. 25-30017, ECF No. 66.  The court denied Mr. Booker, Jr.'s Motion for Reconsideration noting the state court previously determined U.S. Bank had standing to foreclose the mortgage and it was foreclosed. This court is bound by the state court's judgment of foreclosure

and cannot act as an appeals court for the state court.  Case No. 25-30017, ECF No. 77; *See* State of Connecticut Case No. NNH-CV17-6069965-S, Docket No. 163; *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Mr. Booker, III (Mr. Booker, Jr.'s son) commenced a new Chapter 7 case three (3) days before a scheduled eviction date on April 4, 2025, which prompted U.S. Bank to seek prospective relief from stay pursuant to 11 U.S.C. § 105(a).  Case No. 25-30017, ECF No. 83.  U.S. Bank filed a similar motion in Mr. Booker, III's case.  Case No. 25-30293, ECF No. 13.

Mr. Booker, III's bankruptcy filing is not the first time an occupant of the Property filed for bankruptcy close to a scheduled eviction date.  Mr. Booker, Jr.'s Chapter 7 bankruptcy case was also filed just three (3) days prior to the January 13, 2025, scheduled eviction date.  Prior to the filing of this bankruptcy, Mrs. Booker attempted to remove the Summary Process Matter to the United States District Court for the District of Connecticut and filed an Emergency Preliminary Motion for Injunction therein seeking to stop the eviction.  District Court of Connecticut, Docket No. 3:25-cv-00046-SFR, ECF No. 2.  The District Court held a hearing on January 10, 2025 (the same date this Chapter 7 case was commenced), and ruled the District Court lacked subject matter judication to review the rulings of the state court and remanded the case without issuing a stay.  District Court of Connecticut, Docket No. 3:25-cv-00046-SFR, ECF No. 12.

Mr. Booker, Jr. and Mr. Booker, III responded to U.S. Bank's Motions for Prospective Relief by filing multiple motions in response, which reiterate the same arguments presented numerous times to both federal and state courts.  In essence, both

4

parties continue to challenge the foreclosure and ownership of the Property and U.S. Bank's standing to seek relief in this court despite this court making clear that it is bound by the state court's judgment of foreclosure and cannot act as a state appellate court.

<u>Mr. Booker, Jr.'s Motion for Reconsideration</u>

Mr. Booker, Jr., filed a Motion for Reconsideration of Order Granting Relief from Stay (Case No. 25-30017, ECF No. 95) pursuant to Fed.R.Civ.P. 59 and Fed.R.Bankr.P. 9023, 9024 seeking "reconsideration of the Court's Order dated June 2, 2025, granting prospective and relief from the automatic stay."  The relief sought is unclear since no order entered on June 2, 2025, and U.S. Bank's Motion for Prospective Relief from Automatic Stay Pursuant to 11 U.S.C § 105(a) (Case No. 25-30017, ECF No. 83) remains pending.

On February 28, 2025, the court granted in part U.S. Bank's Motion for Relief from Stay pursuant to 11 U.S.C. §§ 362(d)(I), (d)(2).  Case No. 25-30017, ECF Nos. 19, 62 (ECF No. 62 is the "Order for Relief from Stay").  A grant or denial of relief from stay is a final appealable order.  *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 46-48 (2020).  In response to the order, Mr. Booker, Jr. filed a Motion for Reconsideration pursuant to Fed.R.Civ.P. 60(b)(3) and Fed.R.Bankr.P. 9024, which the court denied on March 18, 2025.  Case No. 25-30017, ECF Nos. 66, 77.  The time period to appeal or seek reconsideration of the Order for Relief from Stay expired fourteen days after ECF No. 77 entered, on March 14, 2025.  Fed.R.Bankr.P. 8002.

Because U.S. Bank's Motion for Prospective Relief from Automatic Stay Pursuant to 11 U.S.C § 105(a) remains pending, the court construes the Motion as a request for reconsideration of the court's earlier orders, either ECF No. 62 or ECF No. 77 in case

number 25-30017, pursuant to Fed.R.Civ.P. 59(e) and Fed.R.Bankr.P. 9023.  But, the time period to request reconsideration or further review of either order (granting relief from stay, or denying reconsideration) passed long ago.  See, Fed.R.Bankr.P. 9023, 8002.  To the extent the Mr. Booker, Jr. seeks reconsideration of either order pursuant to Fed.R.Civ.P. 60 and Fed.R.Bankr.P. 9024, the court's analysis and conclusion remains unchanged from its order at ECF No. 77 (Case No. 25-30017) denying Mr. Booker, Jr.'s initial Motion for Reconsideration.

The court cautions the Mr. Booker, Jr. that Rule 11 of the Federal Rules of Civil Procedure, relevant here through Rule 9011 of the Federal Rules of Bankruptcy Procedure, provides that all papers submitted to the court must not be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed.R.Civ.P. 11(b); Fed.R.Bankr.P. 9011.  Mr. Booker, Jr. raised nearly identical arguments before, primarily regarding U.S. Bank's standing to ask this court for relief, in his inital Motion for Reconsideration (Case No. 25-30017, ECF No. 66), which the court addressed (Case No. 25-30017, ECF No. 77).  Of concern, Mr. Booker, Jr. recently filed three additional motions that are currently pending raising — once again — the same arguments.  Case No. 25-30017, ECF Nos. 90, 91, 92.  The court will consider imposing sanctions on the Mr. Booker, Jr. if he continues to file motions that raise arguments already addressed by this court in an attempt to stall U.S. Bank's eviction efforts in state court.

<u>Mr. Booker, Jr.'s Motions Filed in Response to the Motion for Prospective Relief</u>

Mr. Booker, Jr. filed three separate motions docketed as Motion To Dismiss Or Strike Motion For Relief From Stay (Case No. 25-30017, ECF No. 90), Motion For Proof

6

Of Standing (ECF No. 91), and Motion For Sanctions Under Fed. R. Bankr. P. 9011 (Case No. 25-30017, ECF No. 92) in response to U.S. Bank's Motion for Prospective Relief from Automatic Stay Pursuant to 11 U.S.C § 105(a) (Case No. 25-30017, ECF No. 83).

All three motions reiterate similar arguments regarding U.S. Bank's alleged lack of standing to seek relief from the automatic stay to enforce its rights in relation to the Property.  Mr. Booker, Jr. presented the same arguments to the court on numerous occasions, which the court previously addressed.  See, Case No. 25-30017, ECF No. 77. As noted, U.S. Bank obtained a Final Judgment of Foreclosure in state court in 2021 and presented this court with a Corrective Certificate of Foreclosure evidencing U.S. Bank's ownership of the Property (Case No. 25-30017, ECF No. 89, p. 8-9).  See, Connecticut Superior Court, Case No. NNH-CV17-6069965-S, Docket No. 163.  Based on the record before the court, ownership of the Property transferred to the Movant four years ago based on a non-appealable, final state court judgment, and therefore, U.S. Bank has standing to seek relief from this court.

Mr. Booker, III's Motion for Reconsideration

Mr. Booker, III, filed a nearly identical Motion for Reconsideration (Case No. 25-30293, ECF No. 55) as filed in Mr. Booker, Jr.'s case. Pursuant to Fed.R.Civ.P. 59 and Fed.R.Bankr.P. 9023, 9024, the Motion for Reconsideration requests "reconsideration of the Court's Order dated June 2, 2025, granting prospective and relief from the automatic stay."  The court again notes that no order entered on that date.

U.S. Bank filed a Motion for Prospective Relief from Automatic Stay Pursuant to 11 U.S.C § 105(a), in which U.S. Bank requested relief pursuant to 11 U.S.C. § 362 and prospective relief from the automatic stay pursuant to 11 U.S.C § 105(a).  Case No. 25-

30293, ECF No. 13.   On May 30, 2025, the court granted relief to U.S. Bank from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and reserved decision on the request for prospective relief which remains pending.   Case No. 25-30293, ECF No. 50. Therefore, the court construes Mr. Booker, Jr.'s motion as a request for reconsideration of the court's order granting U.S. Bank relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

Generally, reconsideration pursuant to Fed.R.Civ.P. 59, made applicable here through Fed.R.Bankr.P. 9023, is appropriate when there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."   *In re Branded Operations Holdings, Inc.*, No. 22-22608, 2025 WL 1495825, at *12 (Bankr. S.D.N.Y. May 25, 2025). The standard for granting a Rule 59 motion for reconsideration is strict, and reconsideration will generally be denied unless a movant can point to controlling decisions or data that the court overlooked.  *Analytical Surveys, Inc. v. Tonga Partners*, L.P., 684 F.3d 36, 52 (2d Cir. 2012).  A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *In re Branded Operations Holdings, Inc.*, 2025 WL 1495825, at *13 (citing *Analytical Surveys, Inc.*, 684 F.3d at 52).

Similarly, Fed.R.Civ.P. 60, made applicable here through Fed.R.Bankr.P. 9024, allows a party to obtain relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

8

evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. The standard for motions for reconsideration under Rule 60(b) is strict and a court should deny them where the moving party is solely seeking to relitigate an issue already decided. *In re Pellechia*, No. 19-21972 (JJT), 2020 WL 6811970, at *2 (Bankr. D. Conn. July 28, 2020) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995)).

Generally, Mr. Booker, III's Motion for Reconsideration challenges U.S. Bank's standing to seek relief in this court. Mr. Booker, III raised most of these arguments made in his Motion for Reconsideration in his objection to the Motion for Relief from Stay, which the court considered and overruled. Case No. 25-30293, ECF Nos. 38, 50. This court again notes U.S. Bank obtained a Final Judgment of Foreclosure in state court in 2021 and filed a certified copy of a Corrective Certificate of Foreclosure evidencing U.S. Bank's ownership of the Property (Case No, 25-30293, ECF No. 37, p. 6-7). See, Connecticut Superior Court, Case No. NNH-CV17-6069965-S, Docket No. 163. This court again reiterates that based on the record before the court, ownership of the Property transferred to U.S. Bank four years ago based on a non-appealable, final state court judgment, and therefore, U.S. Bank has standing to seek relief from this court. The Debtor is attempting to relitigate an issue already decided by this court, which is an impermissible basis upon which to grant a motion for reconsideration under Rule 59 and 60.

9

The court cautions Mr. Booker, III, just as it cautioned Mr. Booker, Jr., that Rule 11 of the Federal Rules of Civil Procedure, relevant here through Rule 9011 of the Federal Rules of Bankruptcy Procedure, provides that all papers submitted to the court must not be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed.R.Civ.P. 11(b); Fed.R.Bankr.P. 9011.  Mr. Booker, III repeatedly raised arguments regarding U.S. Bank's standing to ask this court for relief.  The arguments regarding standing raised in his motion, are the same arguments raised in Mr. Booker, III's two pending motions.  Case No. 25-30293, ECF Nos. 46, 47.  The court will consider imposing sanctions against Mr. Booker, III if he continues to file motions that raise arguments previously addressed by this court.

<u>Mr. Booker, III's Motions Filed in Response to the Motion for Prospective Relief</u>

Mr. Booker, III filed two motions docketed as Motion To Dismiss Or Strike Motion For Relief From Stay (Case No. 25-30293, ECF No. 46) and Motion For Sanctions Under Fed. R. Bankr. P. 9011 (Case No. 25-30293, ECF No. 47) in response to U.S. Bank's Motion for Prospective Relief from Automatic Stay Pursuant to 11 U.S.C § 105(a) (Case No. 25-30293, ECF No. 13).  The motions are virtually identical to those docketed under the same title in Mr. Booker, Jr.'s case and will be denied for the same reason as Mr. Booker, Jr.'s.

This court considered all other arguments but finds them to be unpersuasive.

Accordingly, it is hereby

**ORDERED:**  Mr. Booker, Jr.'s Motion for Reconsideration of Order Granting Relief from Stay (Case No. 25-30017, ECF No. 95) is DENIED, and it is further

**ORDERED:**   To the extent Mr. Booker, Jr.'s Motion For Sanctions Under Fed. R.Bankr.P.9011 (Case No. 25-30017, ECF No. 92) and the Motion To Dismiss Or Strike Motion For Relief From Stay (ECF No. 90) are seeking relief under Fed.R.Bankr.P. 9011, they are DENIED for failure to comply with the "safe harbor" provision contained in Fed.R.Bankr.P. 9011(c)(2)(B); and it is further

**ORDERED:**   To the extent Mr. Booker, Jr.'s Motion To Dismiss Or Strike Motion For Relief From Stay (Case No. 25-30017, ECF No. 90), Motion for Proof of Standing (Case No. 25-30017, ECF No. 91), and Motion For Sanctions Under Fed. R. Bankr. P. 9011 (Case No. 25-30017, ECF No. 92) are contesting U.S. Bank's standing to seek relief from this court, the motions are DENIED based on the record evidencing U.S. Bank's ownership of the property; and it is further

**ORDERED:**   Mr. Booker, III's Motion for Reconsideration of Order Granting Relief from Stay (Case No. 25-30293, ECF No. 55) is DENIED; and it is further

**ORDERED:**   To the extent Mr. Booker, III's Motion For Sanctions Under Fed. R.Bankr.P.9011 (Case No. 25-30293, ECF No. 47) and the Motion To Dismiss Or Strike Motion For Relief From Stay (Case No. 25-30293, ECF No. 46) are seeking relief under Fed.R.Bankr.P. 9011, they are DENIED for failure to comply with the "safe harbor" provision contained in Fed.R.Bankr.P. 9011(c)(2)(B); and it is further

**ORDERED:**   To the extent Mr. Booker, III's Motion For Sanctions Under Fed. R. Bankr. P. 9011 (Case No. 25-30293, ECF No. 47) and the Motion To Dismiss Or Strike Motion For Relief From Stay (Case No. 25-30293, ECF No. 46) are contesting U.S. Bank's standing to seek relief from this court, the motions are DENIED based on the record evidencing U.S. Bank's ownership of the property.

   Dated this 18th day of July, 2025, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut

11